# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MIKE YELLEN** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. BANK, NATIONAL ASSOCIATION** *et al.*, <br><br> Defendants. | Case No. 1:16-cv-02467 (TNM) |

## MEMORANDUM OPINION

Plaintiffs, six individuals proceeding *pro se*, have filed an Amended Complaint against 13 defendants, which include seven corporate entities, primarily banks; "Steve Munchi, Principal Owner of Onewest Bank;" "John/Jane Does 1-100 Corporation;" "John/Jane Does 1-100 Partnerships;" "John/Jane Does 1-100 Non-Profit Entities;" and "John/Jane Does 1-100 Government Entities." Am. Compl. 1-2, ECF No. 33. The Plaintiffs allege misconduct related to mortgage loan servicing, mortgage loan origination, and bankruptcy proceedings. *Id.* 8-18.

All of the bank defendants have filed motions to dismiss. Upon consideration of the pleadings, relevant law, and related legal memoranda in opposition and in support, I find that the Plaintiffs have failed to adequately plead sufficient facts to establish that this Court has personal jurisdiction over defendants Bank of America, N.A. and Countrywide Home Loans, Inc.; and have failed to state a claim upon which relief can be granted with respect to defendants Deutsche Bank National Trust Company, U.S. Bank, National Association, One West Bank F.S.B., and SecurityNational Mortgage Company. Furthermore, I find that the Plaintiffs have failed to state a claim against the remaining defendants—"RCO Hawaii, L.L.L.C. and its agent[s] Glenn Fukuhara and Brett Ryan;" "Steve Munchi, Principal Owner of Onewest Bank;" and the

John/Jane Doe entities. Accordingly, the Defendants' motions will be granted, and the Amended Complaint will be dismissed without prejudice.

I.  **Background**

The Plaintiffs are six individuals who appear to have residential mortgages serviced by certain of the defendants, some of which may be in foreclosure. *See* Pls. Opp. to Defs.' Mot. to Dismiss ("Pls. Opp.") 5-6, ECF No. 55. The Plaintiffs' original complaint brought claims against numerous financial institutions and 100 John and Jane Doe entities. Compl. 1-3, ECF No. 1. After a half dozen defendants filed motions to dismiss, the Court granted the Plaintiffs' motion to amend the complaint. Order, ECF No. 29.

The Plaintiffs' renewed complaint dropped nearly two dozen individuals as plaintiffs and amended the named defendants in the suit.[1] The Amended Complaint alleges eight counts of action, which are described as: "unfair and deceptive consumer practices with respect to loan servicing" (Count 1), "unfair and deceptive consumer practices with respect to foreclosure processing" (Count 2), "unfair and deceptive consumer practices with respect to loan origination" (Count 3), "violations of the False Claims Act" (Count 4), "declaratory judgment under 28 U.S.C. §§ 2201 and 2202" (Count 5), "damages under common law" (Count 6), failure to follow "procedures under [the] Fair Debt Collection Practices Act" (Count 7), and "unfair and deceptive business act practices" (Count 8). Each bank defendant has filed a motion to dismiss.

Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. have moved to dismiss the complaint due to lack of personal jurisdiction and failure to state a claim upon which

---

[1] For any defendants named in the original but not in the Amended Complaint, the Court considers those defendants dismissed from the action. *See Adams v. Quattlebaum*, 219 F.R.D. 195, 198 (D.D.C. 2004) ("The amended complaint is now the operative complaint due to its superseding nature.").

2

relief can be granted.  Mem. of P. & A. in Supp. of Bank of America, N.A. and Countrywide Home Loans, Inc.'s Mot. to Dismiss Pls.' Am. Compl. ("BoA and Countrywide Mot. to Dismiss"), ECF No. 44.

Defendant Deutsche Bank National Trust Company has moved to dismiss for failure to state a claim upon which relief can be granted.  Mem. of P. & A. in Supp. of Deutsche Bank National Trust Company's Mot. to Dismiss, ECF No. 45-1.

Ocwen Loan Servicing, LLC, as attorney in fact for U.S. Bank National Association and One West Bank F.S.B., has moved to dismiss for failure to state a claim upon which relief can be granted.  Mem. of P. & A. in Supp. of Ocwen Loan Servicing, LLC as Attorney in Fact for U.S. Bank, N.A. and One West Bank F.S.B. ("Ocwen Mot. to Dismiss"), ECF No. 46-1.

Defendant SecurityNational Mortgage Company has moved to dismiss for failure to state a claim upon which relief can be granted.  Mem. of P. & A. in Supp. of SecurityNational Mortgage Company's Mot. to Dismiss, ECF No. 52-1.

## II.   Legal Standard

### A. Failure to Establish Personal Jurisdiction

For a defendant to be subject to suit in a particular forum, the defendant must "have sufficient minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A defendant who lacks the sufficient contacts with the forum may move to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of making a *prima facie* showing of specific facts sufficient to establish personal jurisdiction.  *Reuber v. United States*, 750 F.2d 1039, 1052 (D.C. Cir. 1984).  In considering a motion brought under Federal Rule of Civil Procedure 12(b)(2), the court is not required to treat

as true all of the plaintiff's allegations; however, the court must resolve any factual discrepancies in establishing personal jurisdiction in favor of the plaintiff. *See Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).

### B. Failure to State a Claim Upon Which Relief Can Be Granted

A party may move to dismiss a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint to contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is insufficient if it merely offers "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 546). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46.

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiffs and accept as true all reasonable factual inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). Further, complaints filed by *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* plaintiffs must still

4

adequately plead their complaint consistent with the edicts of *Iqbal* and *Twombly*. *See Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009). This means that the Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Last, "[i]n determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. District of Columbia Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)).

**III.   Analysis**

   **A. Bank of America, N.A. and Countrywide Home Loans, Inc.**

Bank of America, N.A. ("Bank of America") and Countrywide Home Loans, Inc. ("Countrywide") challenges the Amended Complaint for failing to plead facts to establish that they are properly subject to personal jurisdiction in this District. BoA and Countrywide Mot. to Dismiss 4-7. I agree that the Plaintiffs have not made a *prima facie* showing of specific facts sufficient to establish personal jurisdiction. *See Reuber*, 750 F.2d at 1052.

To support a showing of personal jurisdiction, the Plaintiffs simply state in their Amended Complaint that suit is proper because "the Banks have transacted business in this District, and because the Banks have committed acts proscribed by the False Claims Act in this District." Am. Compl. ¶ 5. This single sentence is insufficient to establish that Bank of America and Countrywide should be haled into court—either under specific or general personal jurisdiction—in this District for the grievances alleged.

5

Other than the general allegation that Bank of America and Countywide have transacted business in this District, the 26-page complaint fails to allege that Bank of America and Countrywide have taken any actions in this District with respect to the Plaintiffs' complaints. Indeed, other than listing Bank of America and Countrywide in two instances in the introduction, the Amended Complaint fails to mention Bank of America or Countrywide entirely. *See* Am. Compl. ¶¶ 1, 4. Though the Amended Complaint generally alleges that "the Banks service[] home mortgage loans secured by residential properties owned by individual citizens of the Plaintiffs," the complaint fails to identify whether the residential properties are within this District; and in fact, the complaint pleads facts to the contrary: the Plaintiffs' property addresses are all in Hawaii. *See id.* ¶ 1, 22. This lack of any showing that Bank of America and Countrywide have committed conduct in this District that "create[s] a substantial connection with [this] forum" fails to establish specific personal jurisdiction in this District. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("[S]pecific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'").

Furthermore, the complaint fails to make any allegations to establish that Bank of America and Countrywide have "continuous and systematic" ties to this District such that they are "essentially at home" here. *Id.* Other than the two cursory references to Bank of America and Countrywide in the introduction, and the broad assertion that "the Banks have transacted business in this District," the Amended Complaint does not plead any specific facts to make a showing that this District should be considered Bank of America's and Countrywide's home

6

forum. *See* Am. Compl. ¶ 5.[2] The Amended Complaint provides no basis for establishing general personal jurisdiction over Bank of America and Countrywide. Accordingly, the Amended Complaint as against Bank of America and Countrywide must be dismissed.

### B. Deutsche Bank National Trust Company, U.S. Bank National Association, One West Bank F.S.B., SecurityNational Mortgage Company

Although it is not clear that the Amended Complaint alleges sufficient facts to establish personal jurisdiction over Deutsche Bank National Trust Company, U.S. Bank National Association, One West Bank F.S.B., or SecurityNational Mortgage Company (collectively, the "Bank Defendants"), as these defendants have not raised personal jurisdiction as a defense, I proceed to assess their motions to dismiss for failure to state a claim. *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964-65 (D.C. Cir. 2016) (failure to assert a personal jurisdiction defense waives the objection).

The Amended Complaint fails to state a claim against any of the Bank Defendants for any of the eight counts alleged. None of the allegations in the Amended Complaint are particularized to any of the Bank Defendants; instead, the Plaintiffs group all of the Bank Defendants together and collectively allege that "the Banks[' conduct] constitutes unfair and deceptive practices;" Am. Compl. ¶¶ 55, 58, 61; that "the Banks knowingly presented or caused to be presented false or fraudulent claims for payment or approval;" Am. Compl. ¶ 64; "the Banks implemented and relied on inadequate bankruptcy procedures;" Am. Compl. ¶¶ 72, 77; that "the Defendants did not have the right to foreclose on the Subject Property;" Am. Compl.

---

[2] Bank of America proffers that it is headquartered in Charlotte, North Carolina; and Countrywide proffers that it is headquartered in California and organized under the laws of New York. BoA and Countrywide Mot. to Dismiss 5 n.1.

7

¶ 82; and that the "Defendants [have] violated the Unfair and Deceptive Acts and Practices." Am. Compl. ¶ 86. These legal conclusions, which I do not have to accept as true, are supported by non-particularized general assertions merely offering "labels and conclusions." *See* Am. Compl. 8-18; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. For example, the Amended Complaint generally alleges that the Bank Defendants "fail[ed] to timely and accurately apply payments made by borrowers and failing to maintain accurate account statements" and "fail[ed] to perform proper loan modification underwriting," but does not provide any specific instances where the Bank Defendants allegedly failed to do so. *See* Am. Compl. ¶¶ 26(a), 33(a). This does not show that the Plaintiffs are entitled to relief, and furthermore fails to "state with particularity the circumstances constituting fraud" that is required for all claims alleging fraud as the Plaintiffs do so here. *See* Fed. R. Civ. P. 8(a)(2), 9(b); *see also, e.g.*, Am. Compl. ¶¶ 24, 34 (alleging unfair or deceptive practices).

Not only do these broad assertions fail to state a claim against the Bank Defendants as a general matter, the Amended Complaint also fails to allege any nexus between each Bank Defendant and each Plaintiff. This may be due to the fact that much of the Amended Complaint appears to be copied-and-pasted from a complaint filed by the United States, the Consumer Financial Protection Bureau, and a number of state Attorney Generals against Suntrust Mortgage, Inc. *See* Compl., *United States et al. v. Suntrust Mortgage Inc.*, No. 14-cv-01028 (D.D.C. June 17, 2014), ECF No. 1 ("Suntrust Complaint").[3] The Plaintiffs attempt to recycle and reuse the allegations in that wholly unrelated case, involving government plaintiffs against a single defendant, to bring an action against the dozen plus defendants named in this case. The end

---

[3] A Consent Judgment resolving the action was simultaneously filed with the Suntrust Complaint. *See* Consent J., *United States et al. v. Suntrust Mortgage Inc.*, No. 14-cv-01028 (D.D.C. June 17, 2014), ECF No. 1-1.

result is that the Amended Complaint fails to sufficiently plead facts to plausibly allege any of the Bank Defendants has acted unlawfully with respect to each of the Plaintiffs and with respect to each of the causes of action alleged.

In light of the absence of sufficiently particularized and well-pleaded facts to support any of the claims in the Amended Complaint, it is repetitive and unnecessary to review each claim individually.  However, Count Four is an especially poignant example of how the Amended Complaint fails to make sufficient allegations pertaining to these defendants.  Count Four of the Amended Complaint alleges violations of the False Claims Act.  Am. Compl. ¶ 64 ("[T]he Banks knowingly presented or caused to be presented false or fraudulent claims for payment or approval").  But the False Claims Act requires actions to "be brought in the name of the Government," and to be filed under seal.  31 U.S.C. §§ 3730(b)(1)-(b)(2).  While this claim may have been properly brought in the Suntrust Complaint, where the plaintiffs were the federal and state governments, the Plaintiffs in this matter have utterly failed to comply with the procedural requirements of the False Claims Act.  *See id.*; Am. Compl. ¶ 1 (stating that the Plaintiffs bring this action as individuals).  Furthermore, courts in this District have found that *pro se* plaintiffs cannot represent the interests of the United States.  *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16-17 (D.D.C. 2003).  The Plaintiffs' adoption of a complaint in a separate matter involving wholly different parties fails to adequately state a claim with respect to their own claims and the Bank Defendants.

The Plaintiffs' Opposition to each of the Bank Defendants' motions to dismiss does not cure the failure to adequately plead their claims.  The Plaintiffs attach a number of exhibits to their Opposition and ask that the Court take judicial notice of these exhibits.  Pls. Opp. 5-6.  Assuming without deciding that facts in an opposition brief may be considered when ruling on a

9

motion to dismiss, the exhibits that the Plaintiffs provide do not help connect the dots between which of the Plaintiffs are wronged by which Defendant, and under which theories. Simply put, the Amended Complaint fails to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### C. Remaining Defendants—RCO Hawaii, Steven Mnuchin, John/Jane Doe Entities

Last, I find that the Plaintiffs have failed to state a claim against the remaining defendants—"RCO Hawaii, L.L.L.C. and its agent[s] Glenn Fukuhara and Brett Ryan;" "Steve Munchi, Principal Owner of Onewest Bank;" and the John/Jane Doe entities.[4] For the same reasons as for the Bank Defendants, the Amended Complaint fails to state a claim on which relief may be granted. The Amended Complaint entirely fails to address the alleged actions of these Defendants as it pertains to the Plaintiffs' claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted").

## IV. Conclusion

For the foregoing reasons, the Defendants' Motions to Dismiss will be granted and the Amended Complaint will be dismissed without prejudice. A separate order will issue.

Dated: March 19, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[4] "RCO Hawaii, L.L.L.C." may refer to a law firm in the Pacific Northwest that represented various mortgage lenders. Ocwen Mot. to Dismiss 2 n.3. "Steve Munchi" appears to refer to Steven Mnuchin, the current Secretary of the Treasury. *Id.* n.2.